UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FABIAN ORTEGA-CHAVEZ, Petitioner, v. MARKWAYNE MULLIN, et al., Respondents. | CASE NO. 2:26-cv-02807-JHC ORDER |

## I
## INTRODUCTION

This matter comes before the Court on Fabian Ortega-Chavez's Petition for Writ of Habeas Corpus. Dkt. # 1. The Court has reviewed the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. For the reasons below, the Court DENIES the Petition. Dkt. # 1.

## II
## BACKGROUND

Petitioner is native and citizen to Mexico. Dkt. # 6 at 1. Petitioner first entered the United States at the age of 18 on January 19, 2018, with authorization as a temporary

nonimmigrant worker. *Id.* Petitioner then overstayed that authorization. *See id.*; *see also* Dkt. # 1 at 5-6.

On June 11, 2026, during a vehicle stop, Petitioner was encountered by an Immigration and Customs Enforcement (ICE) officer. Dkt. # 6 at 2. He was soon after arrested and transferred to the Northwest ICE Processing Center. *Id.* Initially, Petitioner declined for an Immigration Judge (IJ) to review his custody determination and requested voluntary departure. Dkt. # 5-3 at 2-3; Dkt. # 5-4 at 2. Seemingly the voluntary departure did not occur, and on June 19, 2026, Petitioner was served a Notice to Appear charging him as removable under INA § 237(a)(1)(B). Dkt. # 6 at 2; Dkt. # 5-5.

Petitioner's immigration proceedings remain pending. *See generally* Dkt. ## 5, 6, 7. On August 31, 2026, after Respondents filed their response but before Petitioner's traverse was submitted, Petitioner requested a bond hearing before an IJ. Dkt. # 7 at 2-3.

## III
## DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner says his detention violates the Due Process Clause of the Fifth Amendment because he was detained without notice or an opportunity to be heard. Dkt. # 1 at 6-7, 9-10. He also says that his continued detention without a hearing violates his due process rights. *Id.* at 8-9. He seeks immediate release and, in alternative, a bond hearing where the Government bears the burden of proving by clear and convincing evidence that Petitioner is not a flight risk or danger to the community. *Id.* at 11-12.

Petitioner has not presented a showing sufficient to require immediate release. He primarily cites caselaw considering due process challenges to non-citizens who were re-detained without an opportunity to be heard or were detained under a different statutory provision. *See generally* Dkt. # 1. But Petitioner is detained pursuant to 8 U.S.C. § 1226(a), which provides ICE the statutory authority to detain pending removal proceedings and provides him with an initial custody determination by an ICE officer and an opportunity to be heard by an Immigration Judge. *See* § 1226(a); *see also Reyes-Lopez v. Mullin*, 2026 WL 2168047, at *4 (W.D. Wash. July 28, 2026).

Nor has Petitioner made a showing that the Court should order a bond hearing shifting the burden to the Government. Petitioner was presented with the opportunity to request a bond hearing on the day of his detention, and he declined.[1] Seemingly Petitioner could have sought a bond hearing at any time after his detention, and now, Petitioner has sought a bond hearing. Dkt. # 7 at 2-3. Petitioner requests this Court to maintain jurisdiction while that request remains pending before the immigration court, but they have provided no basis for doing so and the Court finds no reason to maintain jurisdiction.[2]

## IV

## CONCLUSION

For these reasons, the Court DENIES and DISMISSES the Petition. Dkt. # 1.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

//

[1] The Court finds this relevant to the disposition of this Petition, but it does not find the form providing Petitioner with an opportunity to request a bond hearing to be necessarily sufficient in every instance to safeguard a § 1226(a) detainee's due process rights.

[2] At this time, Petitioner has not shown he is entitled to habeas relief; but that should not preclude him from seeking relief should his detention later violate the Constitution or laws of the United States.

Dated this 1st day of September, 2026.

John H. Chun
United States District Judge